# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
FILED

MAY 16 2019

David J. Bradley, Clerk of Court

| In the Matter of the Search of | ) |
| --- | --- |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) Case No. H19-0890M |
| Samsung Galaxy S8+ Cellular Phone Model: SM-G955U IMEI: 357759080281231 | ) ) ) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A: Samsung Galaxy S8+ Cellular Phone Model: SM-G955U IMEI: 357759080281231

located in the ____Southern____ District of ____Texas____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
| --- | --- |
| 18 U.S.C. § 2314 | Possession & Transportation of stolen goods, securities, moneys, fraudulent State tax stamps, or articles |

The application is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Robert Skidmore, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 5-16-19

*Judge's signature*

City and state: Houston, TX

Nancy Johnson, United States Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF:<br>Samsung Galaxy S8+ Cellular Phone<br>Model: SM-G955U<br>IMEI: 357759080281231 | Case No. _____ |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Robert Skidmore, the affiant, being duly sworn, state:

1. I am currently a Special Agent (SA) with Homeland Security Investigations (HSI) assigned to Houston, Texas. At this time, I am a member Trade Enforcement Group specializing in Commercial Fraud investigations. I have also conducted and participated in investigations involving other criminal violations including, but not limited to Alien Harboring, Drug Trafficking and Organized Retail Crime. I have been a Special Agent with HSI since October 2010.

2. The facts contained herein have been obtained through this affiant's personal knowledge, physical and electronic surveillance of criminal activity by law enforcement officers, interviews of witnesses, as well as information obtained from other law enforcement officials and witnesses, whom this affiant knows to be trustworthy and reliable, and from reports and documents obtained throughout the course of this investigation.

3. In my work with HSI, I have conducted investigations involving Organized Retail Crime Organizations and acquired information and knowledge about the illegal stolen property trade from conversations with informants, retail investigators and other experienced investigators. Through the course of this and other investigations, I have learned about the manner in which Organized Retail Crime Organization members conduct their business, including, but not limited to, managing voluminous shipments and conducting large and frequent financial transactions. Such management of this illegal trade involves frequent cellular and email communications, arranging travel details, scheduling incoming and outgoing shipment of stolen products, production of inventory lists and ledgers, tracking information, payment details, wire and bank transfers, storage costs, transportation costs, and invoices.

4. This affidavit is submitted for the limited purpose of obtaining authorization to search a Samsung Galaxy S8+ Cellular Phone (Model: SM-G955U/IMEI: 357759080281231), as described in Attachment "A" for items described in Attachment "B." Thus, this affidavit does not set forth each and every fact learned during the course of the investigation.

1

## History of Investigation

5. HSI Houston agents have been conducting a joint-investigation with the Food and Drug Administration – Office of Criminal Investigation (FDA-OCI) and Organized Retail Crime (ORC) investigators from CVS and Walgreens since March 2015. The investigation centers on an Organized Retail Crime Organization (ORCO) operated by Bilal AWAD, a naturalized United States Citizen from Lebanon, and other individuals.

6. This ORCO employs individuals, mainly illegal aliens, as professional shoplifters (referred to as "Boosters"), who travel the United States stealing specific merchandise, e.g. over-the-counter (OTC) medications, diabetic testing supplies, shaving razors and other items. While out of state, after stealing from numerous stores throughout the day, all of the items are inventoried, packed by Boosters into boxes with an inventory list and shipped to an alias, at a Cube Smart storage business near the home of AWAD. The Cube Smart Storage personnel receive, sign for and deliver shipments to AWAD's storage unit. The stolen merchandise, once placed in the storage unit, is removed by AWAD and transported to his residence, located at 7714 Miller Glen, Houston, Texas. AWAD then repackages and ships the items to large wholesale companies (referred to as "Diverters"), who purchase the products at discounted rates. Once the Boosters return from out of state, AWAD meets with them in person and pays them in cash. This cycle is then repeated again and again.

7. In March 2015, Homeland Security Investigations (HSI) Houston received information from a reliable and trustworthy Confidential Source ("CS-1") that Bilal AWAD was conspiring with multiple individuals known and unknown to profit from stolen merchandise valued in excess of $5,000 which is received and redistributed in interstate commerce in violation of Title 18, United States Code, Section 2314. HSI subsequently initiated an investigation of the AWAD ORCO.

8. On January 21, 2016, a reliable Confidential Source ("CS-2") was introduced to AWAD through another Booster who was employed by AWAD. AWAD informed CS-2 that rather than pay CS-2 after receiving and examining the merchandise, AWAD would front CS-2 for the items on the inventory list he/she included in the shipment. AWAD fronted CS-2 $3,000 for expenses and paid a $100 fee to the other Booster for recruiting CS-2 to him. AWAD, using phone number (832) 888-3325, then texted CS-2 the location to send shipments, specifically, to Malina Ana Vulpe at the 7001 Synott Road, #226, Houston, TX 77083.

9. From February 2016 through September 2016, CS-2 assisted HSI in completing multiple shipments of purportedly stolen merchandise to AWAD from out of state. Each shipment exceeded $5,000 in value. HSI, with assistance from retailers and manufacturers, obtained OTC medications, razor blades, diabetic testing supplies and other health and beauty items. Anti-theft stickers were placed on all of the merchandise. Under the guidance of HSI, CS-2 packaged these items, along with an inventory list, into boxes and shipped them interstate to Malina Ana Vulpe at the 7001 Synott Road, #226, Houston, TX 77083, the alias and address previously provided by AWAD. The shipments were always sent from FedEx shipping locations, which generated tracking documentation, which CS-2 would text to AWAD. AWAD always followed up with a call or text confirming receipt of the tracking numbers.

10. Following each shipment, AWAD would meet with CS-2 in person and pay him/her cash for the shipments. AWAD would also front CS-2 cash advances for traveling expenses for the next trip.

11. From January 21, 2016 to June 8, 2019, AWAD paid CS-2 $74,100 as payment for stolen product and travel expenses.

12. On February 28, 2018, federal search warrants were executed at the residence of AWAD (4:18mj0272/4:18mj0276) located at 7714 Miller Glen Lane, Houston, TX 77072. A search of the residence was conducted, which revealed the following items that were discovered and seized:

    a. Multiple boxes of stolen OTC medications, e.g. Nexium, Mucinex, etc.;
    b. Numerous price and inventory lists indicating types and quantities of OTC medications and other health and beauty items;
    c. Supplies that are commonly used to remove and clean anti-theft security labels from stolen OTC medications found in retail store, e.g. razor blades, lighter fluid and cotton pads;
    d. Supplies that are commonly used to pack and ship stolen OTC medications, e.g. FedEx and Home Depot boxes, cardboard flats and packing tape;
    e. Numerous anti-theft stickers from CVS, Walgreens, Kroger and Wal-Mart that were clumped together and appeared to have been removed from retail merchandise;
    f. Shipping labels destined for AWAD's storage unit;
    g. Shipping labels destined for Montaj, Inc., a known diverter who purchases stolen merchandise from AWAD; and
    h. Business records and invoices related to Montaj, Inc., the purchase of AWAD's stolen products.

13. On May 1, 2017 and July 28, 2017, proffers of a Cooperating Defendant ("CD"), a former booster, took place at the U.S. Courthouse in Houston, Texas with their attorney present. CD identified Mario RIVAS as a booster who is employed by AWAD. CD claimed to have boosted with RIVAS on 5-6 occasions stealing from retailers throughout the United States. CD identified herself and RIVAS in surveillance video obtained from a retailer stealing OTC. The CD also identified RIVAS from additional surveillance images stealing from other retailers as well. The dates of these thefts ranged in date from February 2015 to March 2016. CD also provided two phone numbers for Mario RIVAS: (832) 941-9200 and (346) 234-6552.

14. On January 23, 2018, Mario RIVAS was administratively arrested by HSI and Enforcement and Removal Operations. After reviewing the contents of RIVAS's wallet, two cards were found that contained the alias and address of the location where AWAD receives his stolen merchandise, Malina Ana Vulpe, Cube Smart, 7001 Synott Road, #226, Houston, TX 77083. RIVAS had in his possession a Samsung Galaxy S8+ Cellular Phone, the subject phone. HSI maintained custody of the subject phone, and RIVAS was subsequently transferred to Arkansas to face charges for 8 U.S.C. 1326 – Illegal Re-Entry.

15. During the execution of the search warrant at 7714 Miller Glen Lane, AWAD's residence, multiple phones were discovered including a black LG Flip Phone and an iPhone 7. A search of the Black LG Flip Phone revealed a message from an individual at phone number (832) 207-5912 claiming to be RIVAS's wife. The individual warned AWAD that RIVAS was arrested, and the agents informed him that they would be investigating his contacts. Additionally, a contact in AWAD's phone, "Bro New" at phone number (346) 234-6552, was one of the phone numbers CD provided for RIVAS. On multiple occasions this number texted AWAD with FedEx tracking numbers, which is what AWAD instructed his boosters to do when sending stolen merchandise. Additionally, a search of the iPhone 7 was conducted revealing text messages between AWAD and the aforementioned phone number which included pictures of OTC merchandise.

16. FedEx records of the tracking numbers sent from RIVAS's phone to AWAD's phone revealed shipments being sent from Maryland, Arkansas, Nebraska and Minnesota from September 2016 to July 2017.

17. From December 14, 2014 through April 28, 2017, there were numerous documented instances of RIVAS stealing from retailers across the United States:

    a. On December 17, 2014, RIVAS was responsible for $6,813.14 in theft from four Target stores in or around Jacksonville, FL.
    b. On February 13, 2015, RIVAS was observed on video stealing a large amount of OTC merchandise and dental care items from a Target store in Pflugerville, TX.
    c. On May 14, 2015, RIVAS was responsible for $2,877.14 in loss from five CVS stores in and around Austin, TX.
    d. On October 9, 2015, RIVAS was responsible for $491.90 in loss from a CVS store in or around Omaha, NE.
    e. On March 11, 2016, RIVAS was responsible for $658.24 in loss from a CVS store in or around Omaha, NE.
    f. On April 28, 2017, RIVAS was arrested following a traffic stop in Arkansas after police found him in possession of stolen OTC merchandise, recently stolen from a Walmart in Van Buren, Arkansas.

18. A review of 2016-2017 FedEx Ground records was conducted which revealed shipments to Malina Ana Vulpe, 7001 Synott Road, #226, Houston, TX 77083 on or about the time RIVAS was in Nebraska and Arkansas.

19. This information in this application establishes the pattern of illegal activity regularly observed and documented related to AWAD and his boosters, including Mario RIVAS in violation of Title 18, United States Codes, Section 2314 and 371.

20. Based upon all the foregoing facts, I believe there is probable cause that the items requested in this search warrant application will be found in the Samsung Galaxy S8+ Cellular Phone Model: SM-G955U IMEI: 357759080281231 and will constitute evidence of violations of Title 18, United States Code, Sections 2314 and 371, and I respectfully request that the search warrant be issued.

Robert Skidmore
Special Agent
Homeland Security Investigations

Sworn and subscribed before me this ___16___ day of May, 2019.

NANCY JOHNSON
United States Magistrate Judge
Southern District of Texas

5

## ATTACHMENT "A"

Samsung Galaxy S8+ Cellular Phone
Model: SM-G955U
IMEI: 357759080281231



6

## ATTACHMENT "B"

1. Any photographs, video files, text or multimedia messages (SMS and MMS), call history or call logs, and contact information, including but not limited to phone numbers stored in the telephone.

2. Any and all communications previously received or transmitted, or prepared in contemplation of transmission, including electronic mail or data associated with electronic bulletin board systems, stored on any of the electronic media named above. All electronic communications, including those previously received or transmitted, or held in temporary, intermediate storage incident to transmission, documents, and materials, including those used to facilitate previously received, transmitted, or stored, or prepared in contemplation of transmission, including electronic mail or data associated with electronic bulletin board systems, whether stored on any of the electronic media named above or held in temporary, intermediate storage incident to transmission to the individuals or premises with the scope of this application.

3. Such electronic data in the form of electronic records, documents, and materials, including those used to facilitate communication.

4. "Hidden," erased, compressed, password-protected, or encrypted files.

5. Various file "directories" and the individual files they contain, recently deleted data; scanning storage area for deliberately hidden files.